337 So.2d 304 (1976)
Grady WILDER, Jr., et al., Plaintiffs-Appellants,
v.
Tom THROWER et al., Defendants-Appellees.
No. 5581.
Court of Appeal of Louisiana, Third Circuit.
September 13, 1976.
William Henry Sanders, Jena, and Edward A. Kaplan, Alexandria, for plaintiffsappellants.
Don C. Burns, Columbia, Kidd, Katz & Strickler, by Stephen J. Katz, Monroe, Long & Peters, Jimmie C. Peters, Jena, for defendants-appellees.
Before MILLER, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
One defendant, LaSalle Parish School Board, filed an exception of no right and no cause of action to this suit in tort against various defendants.
The original petition of Grady Wilder, Jr. (hereafter called "Wilder") alleges an accident on or about November 24, 1974, and an amended petition alleges events occurring *305 in September and November, 1974, and conditions developing in 1975.
By court order of February 11, 1976, Mrs. Frank Taylor was substituted as party plaintiff, the supporting motion alleging the death of her son, Grady Wilder, Jr. An amended petition was filed on April 8, 1976, by Mrs. Taylor, alleging that the death of Wilder resulted from the negligence of the school board's employee, Thrower, and asking damages for the death, as well as damages for his pain, suffering and mental anguish before death. In neither pleading is the date of Wilder's death alleged, but other pleadings indicate that he was alive in 1975.
There are thus, two causes of action involved: (1) for Wilder's death, arising in 1975; and (2) for Wilder's damages, arising in 1974. LSA-C.C. art. 2315; King v. Cancienne, La., 316 So.2d 366; Callais v. Allstate Insurance Company, 334 So.2d 692 (La., 1976); J. Wilton Jones v. Liberty Mutual Insurance Co., 248 So.2d 878 (La.App. 4 Cir. 1971).
The cause of action for Wilder's death clearly arose after the effective date of the Louisiana Constitution of 1974, which was December 31, 1974. (Art. 14, § 35).
The trial court sustained the school board's exception of no right and no cause of action by judgment rendered April 20, 1976, on the basis of sovereign immunity under LSA-R.S. 17:51.[1] Plaintiffs have appealed.
The issue presented is whether the school board is entitled to claim sovereign immunity.
The 1974 Constitution, in Article 12, § 10(A) provides:
"Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."
Article 14 § 33 limits the effective date of Article 12, § 10(A) to causes of action arising after December 31, 1974.
Thus, as to Mrs. Taylor's claims based on Wilder's death, the school board enjoys no immunity and a cause of action is stated.
A suit should not be dismissed on an exception of no cause or no right of action when the allegations set forth a cause of action as to any part of plaintiff's demands. Bailey v. Texas Pacific Coal and Oil Company, 134 So.2d 339 (La.App. 3 Cir. 1961). The LaSalle Parish School Board is not immune from this suit in tort, at least as to the cause of action asserted by Mrs. Taylor for Wilder's death in 1975. The exception is overruled and the cause is remanded for further proceedings.
Costs insofar as allowed by law are taxed against the appellee school board.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 17:51:

"There shall be a parish school board for each of the parishes, and these several parish school boards are constituted bodies corporate with power to sue. The legislature hereby authorizes suits against any parish school board for the enforcement of contracts entered into by the school board or for recovery of damages for the breach thereof, without necessity of any further authorization by the legislature. No other suits may be instituted or prosecuted against any parish school board unless in each individual case the legislature first has granted to the party or parties plaintiff the right to sue the particular school board, as provided in Section 26 of Article XIX and Section 35 of Article III of the Louisiana Constitution. In suits against school boards citation shall be served on the president of the board and in his absence on the vice-president. As amended Acts 1962, No. 67, § 1."