623 So.2d 37 (1993)
The OFFICE OF the COMMISSIONER OF INSURANCE, et al.
v.
HARTFORD FIRE INSURANCE COMPANY.
No. 92 CA 1920.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
*39 Michael Patterson, Baton Rouge, for Patient's Compensation Fund/Patient's Compensation Fund Oversight Bd.
Jennifer Zimmerman, Baton Rouge, for Hartford Fire Ins. Co.
Before SHORTESS and CARTER, JJ., and CHIASSON[*], J. Pro Tem.
REMY CHIASSON, J. Pro Tem.
This is a suit brought by the Louisiana Patient's Compensation Fund (PCF) against Hartford Fire Insurance Company (Hartford) to recover damages arising out of Hartford's settlement of a claim against it in a medical malpractice case. The trial court granted a peremptory exception raising the objection of prescription filed by Hartford. From that judgment, the PCF took this devolutive appeal.

FACTS
On April 22, 1983, James and Lynn Kelty brought a medical malpractice claim against Fred O. Brumfield, M.D. and Southern Baptist Hospital (Southern Baptist) by requesting the formation of a medical review panel. The Kelty's alleged that Dr. Brumfield and Southern Baptist were negligent in the delivery of their infant daughter, Ann Mary Kelty.
Before the review panel was convened, Dr. Brumfield filed an exception in the trial court claiming that the action had prescribed. The trial court denied the exception, and the review panel thereafter rendered its decision. On August 23, 1985, the Kelty's filed suit in the trial court. The defendants again urged the exception of prescription. The trial court referred the exception to the merits of the case.
On April 29, 1985, the Kelty's settled their claim with Southern Baptist for $75,000. On the morning the trial was to begin, November 2, 1987, the Kelty's reported that they settled their claim with Dr. Brumfield for $100,000, reserving their right to obtain excess damages from the PCF. Dr. Brumfield and Southern Baptist were dismissed from the suit. Nevertheless, on November 2, 3 and 6, 1987, the trial court heard the prescription exception previously filed by Dr. Brumfield and Southern Baptist and then being urged by the PCF. During the hearing on the exception, the PCF stipulated that damages would be in excess of $500,000.
On November 17, 1987, the trial court denied the exception on the basis that the PCF lacked standing to raise the objection of prescription once the health care provider admitted liability by settling for the maximum statutory limits.[1] The Louisiana Fourth Circuit Court of Appeal affirmed the ruling of the trial court[2] and the Louisiana Supreme Court denied writs.[3]
On January 12, 1990, the PCF filed suit against Hartford, Dr. Brumfield's professional liability insurer, for damages in the amount it was ordered to pay the plaintiffs in the malpractice case. The PCF alleged that Hartford violated the duties of "good faith" and "reasonable care," which are found in La.R.S. 40:1299.44(C)(7), for Hartford's settling the claim against Dr. Brumfield for maximum statutory limits and thereby precluding the PCF from raising the issue of prescription. Hartford filed a peremptory exception raising the objection of prescription. The trial court granted this exception and dismissed the lawsuit.

PRESCRIPTION
In its only assignment of error, the PCF alleges the trial court erred in sustaining Hartford's exception of prescription.
La.R.S. 40:1299.44(C)(7) provides, in pertinent part, as follows:
For the benefit of both the insured and the patient's compensation fund, the insurer of the health care provider shall exercise good faith and reasonable care both in evaluating the plaintiff's claim and in considering *40 and acting upon settlement thereof.
The trial court held that the PCF's alleged cause of action was subject to the one year prescriptive period of La.C.C. art. 3492[4] for tort actions. The PCF claims a suit for damages for breach of the duties of "good faith" and "reasonable care" enumerated in La.R.S. 40:1299.44(C)(7) is a personal action subject to the ten year prescriptive period of La.C.C. art. 3499.[5] This claim is based on the assumption that La.R.S. 40:1299.44(C)(7) creates a fiduciary relationship between the insurer and the PCF.
The word "fiduciary", as a noun, means one who holds a thing in trust for another, a trustee; a person holding the character analogous to that of a trustee, with respect to the trust and confidence involved in it and the scrupulous good faith and candor which it requires; a person having the duty, created by his undertaking. Also more specifically, in a statute, a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person, trust, or estate. One is said to act in a "fiduciary capacity", when the business which he transacts, or the money or property he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the part and a high degree of good faith on the other part. The term is not restricted to technical or express trusts, but includes also such offices or relations as those of an attorney at law, a guardian, an executor, a broker, a director of a corporation, and a public officer. State v. Hagerty, 251 La. 477, 205 So.2d 369 (1968).[6]
Clearly, Hartford is not a trustee, guardian, executor, administrator, receiver, conservator, attorney at law, broker, director of a corporation or public officer. Nor did Hartford transact the business of the PCF or handle its money or property. This court holds that there was no fiduciary relationship between Hartford and the PCF.
The essential elements of a cause of action under La.C.C. art. 2315 are fault, causation, and damage. Fault, of course, includes negligence. La.C.C. art. 2316. Negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm. It is the breach of a duty, statutory or non-statutory, owed to another to protect that person from the particular harm that ensued. Callais v. Allstate Insurance Co., 334 So.2d 692 (La.1976). Breach of the duties of "good faith" and "reasonable care" set forth in La. R.S. 40:1299(C)(7) constitutes negligence under this definition. Therefore, the trial court did not err in holding that any lawsuit arising from such a breach is an action in tort.[7]

This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court sustaining Hartford's exception of prescription is affirmed. The PCF is cast for the costs of this appeal in the amount of $163.05. AFFIRMED.
CARTER, J., concurs in the result.
SHORTESS, J., dissents with reasons.
*41 SHORTESS, Judge, dissenting.
Notwithstanding the PCF's alleged admonishment to Hartford not to take any action which could prejudice its rights to raise the issue of prescription, it settled with the Keltys two days before trial. As a result, the Fund was held to have no standing to raise prescription and then cast for $617,093.00 in excess payments.
I read LSA-R.S. 40:1244(C)(7) to impose a statutory duty upon Hartford to both its insured and the Fund to exercise good faith and reasonable care both in evaluating a claim and in considering and acting upon a settlement.
Regardless of whether Hartford's duty rose to the level of a fiduciary one, it had a statutory duty[1] to act in the best interest of both the insured and the Fund. The ten-year liberative prescription applicable to personal actions should apply here.
I respectfully dissent.
NOTES
[*] Judge Remy Chiasson, Retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] The court's reasons for judgment suggested that prescription had run.
[2] Kelty v. Brumfield, 534 So.2d 1331 (La.App. 4th Cir.1988).
[3] Kelty v. Brumfield, 536 So.2d 1221 (La.1989).
[4] La.C.C. art. 3492 provides, in pertinent part, as follows:

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
[5] La.C.C. art. 3499 provides as follows:

Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
[6] "Fiduciary" also is defined in the Uniform Fiduciaries Law at La.R.S. 9:3801(2) as follows:

"Fiduciary" includes a trustee under any trust, expressed, implied, resulting or constructive, executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, partner, agent, officer of a corporation, public or private, public officer, or any other persons acting in a fiduciary capacity for any person, trust or estate.
[7] Whether or not a violation of the "good faith" and "reasonable care" provisions of La.R.S. 40:1299.44(C)(7) give rise to a cause of action for damages is a res nova issue. In holding that this action has prescribed, this court need not address this issue.
[1] Sounding ex contractu or, at a minimum, quasi ex contractu.