JiDOUCET, Judge.
Plaintiffs, Sidney and Beth Anne Kaplan, appeal a judgment of the trial court granting a motion for summary judgment filed by defendant, Gladys Fritzie Bauer Fine (only), dismissing plaintiffs’ claims against Mrs. Fine. We affirm the judgment of the trial court.

FACTS

This suit arises out of a number of lost investments by plaintiffs, Sidney and Beth Anne Kaplan, in several oil and gas prospects connected with the ‘Wildfire Corporation.” Originally named as defendants were the following: (1) Charles B. Fine; (2) Gladys Frit-zie Bauer Fine, wife of Charles B. Fine; (3) John William Brown, Jr., a/k/a John W. *439 Brown, and (4) Wildfire Oil and Gas, Incorporated, an Oklahoma corporation authorized to do business in the State of Louisiana. In answers to interrogatories, |2plaintiffs specified that only paragraphs numbers 2, 4, 6, 9, 10, 26, 27, 31 and 32 of their petition applied to their claim against Mrs. Fine. In paragraph two, plaintiffs allege that Mrs. Fine engaged in or caused the following:
... conversion of petitioner’s property to the use of one or more of the above named defendants, loss of use of money, loss of the opportunity to make a profit, breach of a fiduciary obligation ...
In paragraph four they allege their fiduciary relationship with Mrs. Fine was based on “... a longstanding personal and social relationship ... [of such a nature] as to give rise to a special relationship of trust and confidentiality. ...” The theme of the existence of a “... personal relationship of trust and confidentiality ...” is repeated in paragraphs nine and twenty-seven.
Plaintiffs also alleged Mrs. Fine “... counseled, encouraged and participated with her husband, Charles Fine, in all of the acts for which defendant, Charles Fine, is alleged to be liable to petitioners ...” and further that the “... defendants in these proceedings have, at one time or another, assisted, encouraged, or counseled the other defendants in the commission of the activities complained herein, to the detriment of petitioners, and as a result, are all jointly, severally and solidarily liable for all losses and damages sustained by petitioners.”
In sum, plaintiffs allege the following causes of action against Mrs. Fine:
(1) Breach of fiduciary duty;
(2) Conversion;
(3) Conspiracy.
Mrs. Fine denied all of plaintiffs’ allegations and after discovery was completed, filed a motion for summary judgment based on the following: (1) that the pleadings, depositions, answers to interrogatories, etc. revealed no genuine issue of material fact and as a matter of law: (a) there existed no fiduciary duty between Mrs. Fine and plaintiffs; (b) the foregoing showed no conversion by Mrs. Fine of any of plaintiffs’ property; (c) there was no Igshowing of a conspiracy between Mrs. Fine and any other party; and (21 in the alternative, plaintiffs’ claims of conversion and conspiracy were prescribed as a matter of law.
The trial judge granted Mrs. Fine’s motion without giving any reasons therefor and this appeal followed.

LAW

The law concerning summary judgments is well settled:
Appellate courts review summary judgments de novo, under the same criteria which governs the district court’s consideration of the appropriateness of summary judgment. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). The criteria set forth in the Code of Civil Procedure directs that plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. . LSA-C.C.P. art. 966(A).
Judgment on the motion is properly granted only if the pleadings, deposition, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(B); Penalber v. Blount, 550 So.2d 577 (La.1989); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Schroeder v. Board of Sup’rs of Louisiana State University, supra. A fact is material if its existence or non-existence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Penalber v. Blount, supra.
Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993) at 325.
*440 As heretofore stated, the trial judge gave no reason in connection with granting defendant Mrs. Fine’s motion. We have, in examining the record, discovered the following in plaintiffs’ written opposition to Mrs. Fine’s motion:
| ¿At the outset plaintiffs acknowledge that any delictural action governed by the provisions of Article 3492 of the Louisiana Civil Code are prescribed. However, it is acknowledged by all parties that the action to recover for breach of a fiduciary obligation is a “personal action” governed by the provisions of Article 3499 of the Louisiana Civil Code, and hence is not prescribed.
Accordingly, we find that plaintiffs abandoned all claims against Mrs. Fine except those for breach of a fiduciary obligation. Even if those claims were not abandoned, it is clear from the record that they had, indeed, prescribed. Hence, the issue before us on appeal is a legal question: Whether the facts of the case establish the existence of a fiduciary relationship between the plaintiffs and Mrs. Fine?
What determines if one is a “fiduciary”, and what constitutes a “fiduciary relationship” was most recently discussed by our brethren of the First Circuit in Office of the Commissioner of Insurance v. Hartford Fire Insurance Company, 623 So.2d 37 (La.App. 1 Cir.1993), writ denied, 635 So.2d 1131 (La. 1994), where, at 40, the court explained:
The word “fiduciary”, as a noun, means one who holds a thing in trust for another, a trustee; a person holding the character analogous to that of a trustee, with respect to the trust and confidence involved in it and the scrupulous good faith and candor which it requires; a person having the duty, created by his undertaking. Also more specifically, in a statute, a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person, trust, or estate. One is said to act in a “fiduciary capacity”, when the business which he transacts, or the money or property he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the part and a high degree of good faith on the other part. The term is not restricted to technical or express trusts, but includes also such offices or relations as those of an attorney at law, a guardian, an executor, a broker, a director of a corporation, and a public officer. State v. Hagerty, 251 La. 477, 205 So.2d 369 (1968).[6]
“Fiduciary” includes a trustee under any trust, expressed, implied, resulting or constructive, executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, partner, agent, officer of a corporation, public or private, public officer, or any other persons acting in a fiduciary capacity for any person, trust or estate.
The record establishes only a personal, social and religious relationship between plaintiffs and Mrs. Fine. Mrs. Fine was not plaintiffs’ trustee, guardian, executor, liquidator, attorney-at-law, administrator, attorney-in-fact, broker, or conservator. Neither was she an officer in any corporation in which plaintiffs held stock. She may have been older, wiser, more experienced in business, and a respected member of the community, but those attributes do NOT constitute a fiduciary relationship.
We find no error in the action of the trial court. The trial court judgment is affirmed. All costs of this appeal are assessed against plaintiffs-appellants, Sidney and Beth Anne Kaplan.
AFFIRMED.

|56. “Fiduciary” also is defined in the Uniform Fiduciaries Law at La.R.S. 9:3801(2) as follows: