646 So.2d 519 (1994)
Larry "Lois" HENRY, et al.
v.
STATE of Louisiana, The Orleans Levee District, etc.
No. 94-CA-0658.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1994.
*520 Lawrence J. Smith, Pamela M. West, Lawrence J. Smith & Associates, New Orleans, for Larry "Lois" Henry, et al.
William L. Schuette, Jr., Gary, Field, Landry & Bradford, Baton Rouge, for Orleans Levee District.
Before WARD, JONES and WALTZER, JJ.
WARD, Judge.
This appeal stems from a dispute over ownership of mineral revenues generated by state expropriated lands in the Bohemia Spillway in Plaquemines Parish. Plaintiffs, successors to the original owners of some of the expropriated tracts, successfully obtained return of their land in 1992 pursuant to Legislative Acts 233 of 1984 and 819 of 1985. Thereafter, they sued the State and the Orleans Parish Levee Board in Orleans Parish District Court alleging fraud, abuse of rights and breach of fiduciary duty by the State and the Levee Board for expropriating lands that allegedly they knew or should have known were not needed for flood control.[1] The plaintiffs maintain that the State and the Levee Board's only purpose in expropriating the land was to "confiscate" the mineral reserves. They seek reimbursement for all royalties on oil and gas produced from their land and paid to the Levee Board from 1924, the date of expropriation, until 1992 when the land and minerals were returned.
The State and Levee Board filed several dilatory exceptions. The lower court agreed with their challenge of prematurity, finding that the plaintiffs failed to exhaust administrative remedies prior to filing suit in district court. Additionally, the trial court, ex proprio motu, declined subject matter jurisdiction.
The trial court erred in both rulings.
The exception of prematurity is without merit. It was predicated on the belief that plaintiffs had not exhausted their administrative remedies. Act 233 of 1984, as amended by Act 819 of 1985, declared that the public and necessary purpose which originally supported the expropriation of property *521 forming the Bohemia Spillway had ceased to exist, and ordered the return of the property to the owners or their successors from whom the property was acquired by appropriation. The Legislature authorized the Department of Natural Resources to establish rules and procedures for all claims to property in the Bohemia Spillway, and further authorized the Secretary of the Department to make determinations as to the validity of the applications and then to certify legitimate claims to the Levee Board.
The secretary of the Department of Natural Resources shall certify, in writing, to the board valid applications in accordance with the regulations to be adopted hereunder. The [Levee] board shall, within sixty days of the receipt of a certification from the secretary, take action to return the ownership to persons or corporations certified as owners or successors to owners from whom the property was acquired by expropriation or by purchase under threat of expropriation. The secretary and any applicant, whose claims were the subject of the secretary's certification, shall be notified in writing of the board's action. * * *
Thus, the administrative procedure provided for in Acts 233 and 819 applies only to claims to Bohemia Spillway lands that are presently held in the name of the Orleans Parish Levee Board. In this case, all administrative procedures provided for by those acts have been completed; the Levee Board has returned the land and fully complied with Acts 233 and 819. Plaintiffs, however, seek additional relief in the form of damages, relief not given by those acts and which neither the Secretary cannot order and the Levee Board cannot be required to pay under these acts. They seek damages for royalties paid to the Levee Board for oil and gas produced before the expropriated lands were returned to them. There are no administrative procedures available for these claims. The exception of prematurity is inapplicable.
For virtually the same reasons, we hold the trial court erred by holding it did not have subject matter jurisdiction. The trial court's ruling was based upon that portion of Acts 233 and 819 which granted jurisdiction to the Twenty Fifth Judicial District Court to hear litigation to compel the Levee Board to comply with the Secretary's recommendations.
Any applicant who is aggrieved by the board's action on the secretary's certification may seek judicial review of the board's action by filing suit in the Twenty Fifth Judicial District Court within thirty days of receipt of the written notice provided herein.
The plaintiffs are not aggrieved by the Board's action. The Board has transferred both the land and minerals to them. Thus, there is neither any further administrative procedure applicable nor any prospect of suit in the Twenty Fifth Judicial District Court to compel compliance with Acts 233 and 819. This is a claim against the State and the Levee Board for damages arising from tortious conduct by the Board that plaintiffs claim resulted in the loss of mineral royalties before the land was reconveyed to them in compliance with those acts; and the Civil District Court for the Parish of Orleans has jurisdiction over those claims.
Nonetheless, we affirm the trial court's decision dismissing plaintiffs' lawsuit because we find plaintiffs do not have a cause of action. La.C.C.P. art. 927 permits appellate courts to notice that plaintiffs have not stated a cause of action, and in this case we so hold for the following reasons.
This lawsuit is nothing more or less than a claim that the Orleans Parish Levee Board misled the Legislature of the State of Louisiana when members of its Board gave false testimony before it, and either fraudulently or negligently induced the Legislature to pass legislation authorizing the Levee Board to expropriate land and mineral rights. Whether the allegations are true or not, the expropriations by the Levee Board which plaintiffs complain of were authorized by Act 99 of 1924.
Plaintiffs do not state a cause of action by alleging the Board's acts of expropriation were tortious when they were permitted, and even required, by an act of the Legislature. Nor do they state a cause of action against the Levee Board by alleging Board members gave false testimony in the year 1944 when *522 they testified before the State legislature. Plaintiffs' remedy was to utilize the legislative process and to oppose the proposed law by offering their own testimony; and failing that, to contest its constitutionality in court.
Moreover, the alleged tortious conduct occurred in 1924 when the State and its subdivisions, including Levee Boards, were immune from suit by virtue of their sovereign immunity. The 1974 Constitution, Article 12, Section 10(A), abolished sovereign immunity, but Article 14 Section 33 limits its application to alleged causes of action arising after the effective date of the Constitution, December 31, 1974. Wilder v. Thrower, 337 So.2d 304, 305 (La.App. 3 Cir.1976) Thus the Levee Board is immune from claims of vicarious liability for tortious conduct of its Board members that allegedly occurred in 1924.
The Levee Board simply cannot be held liable in damages for doing what the Legislature permitted by Act 99 of 1924.
For the foregoing reasons, we affirm.
AFFIRMED.
NOTES
[1] Originally, plaintiffs filed a petition in which they sought a district court order reversing the State's special master's denial of their request for return of their lands. The master predicated his denial on a procedural incapacity. The plaintiffs cured that incapacity and subsequently, amended their petition reiterating demands for reimbursement of revenues.