Dear Mr. Drennen:
You requested the opinion of this office concerning whether the State or a state agency has a fiduciary responsibility for the funds and/or activities of service and/or professional service organizations whose memberships generally consists of mostly state or local government employees. Examples of this type entity include the Personnel Advisory Council, the Association of Government Accountants, Government Finance Officers Association Computer Information Services Directors, etc. (hereinafter referred to as the "Organization"). As you noted, often the officers and, in particular the treasurer of the Organization, is a state employee. Additionally, many state agencies pay the dues for the State employees to be members and/or pay for State employees to attend conferences sponsored by the Organization. Your first two questions are:
 If a full time state employee serves as treasurer of an organization meeting the criteria mentioned above, and if the treasurer does not do work for the organization during state working hours, does the state agency or the state have a fiduciary responsibility for the funds and/or the activities of the organization?
 If a full time state employee serves as treasurer of an organization meeting the criteria mentioned above, and if the treasurer does work for the organization during state working hours and the bank statements go to the employee at the agency address, does the state have a fiduciary responsibility for the funds and/or the activities of the organization?
The elements of a cause of action for a breach of fiduciary duty, or a knowing participation in such, are (1) a breach by a fiduciary of an obligation to another; (2) a knowing collusion or participation in the breach by the fiduciary; and (3) damages suffered by another as a result of the breach. Oliver v. Central Bank, 26,932 (La.App. 2 Cir. 5/10/95),658 So.2d 1316; Brockman v. Salt Lake Farm Partnership, 33,938 (La.App. 2 Cir. 10/4/00), 768 So.2d 836.
We have been unable to find any statute or jurisprudence which creates a fiduciary relationship between the State and the Organization. InPlaquemines Parish Com'n Council v. Delta Dev. Co., Inc., 502 So.2d 1034
(La. 1987), the Louisiana Supreme Court discussed the nature of a fiduciary relationship where violations of trust are claimed by persons in their roles as public officials and attorneys. The Court in thePlaquemines Parish case defined a fiduciary relationship in terms of a trust, a confidence and the advantage that one party may have over another. This definition is made in the context of a business or financial relationship. The court stated:
 "The dominant characteristic of a fiduciary relationship is the confidence reposed by one in the other and [a person] occupying such a relationship can not further his own interests and enjoy the fruits of an advantage taken of such a relationship. He must make a full disclosure of all material facts surrounding the transaction that might affect the decision of his principals. Anderson v. Thacher, 76 Cal.App.2d 50, 172 P.2d 533, 543 (1946).
 A fiduciary relationship has been further described as one that exists "when confidence is reposed on one side and there is resulting superiority and influence on the other." Toombs v. Daniels, 361 N.W.2d 801, 809 (Minn. 1985) (citations omitted)."
* * *
 Louisiana jurisprudence has acknowledged the existence of fiduciary obligations involving attorneys, stockbrokers, trustees, usufructuaries, executors, administrators and directors and officers of a corporation. State v. Hagerty, 251 La. 477, 205 So.2d 369
(1967), cert. denied, Hagerty v. Louisiana, 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 855
(1968); Office of the Comr. of Ins. v. Hartford Fire Ins. Co., 623 So.2d 37 (La.App. 1 Cir. 1993), writ denied, 93-2125 (La. 4/7/94), 635 So.2d 1131.
As there is no fiduciary relationship between the State and the Organization, there can be no action for a breach of fiduciary relationship against the State if a State employee violated his fiduciary duty to the Organization.
As to whether the State may be vicariously liable for any damage suffered by the Organization due to the action or inaction of the State employee cannot be answered in the abstract. La.C.C. art. 2320 provides that, "[m]asters and employees are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." An employer is liable for a tort committed by his employee if the employee was acting within the course and scope of his employment at the time of the incident. Baumeister v. Plunkett, 95-2270 (La. 5/21/096), 673 So.2d 994. The course of employment test refers to time and place, whereas the scope of employment test examines the employment-related risk of injury.
For an employer to be vicariously liable for the tortious acts of its employee, the "tortious conduct of the employee must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest."Baumeister v. Plunkett, supra; LeBrane v. Lewis, 292 So.2d 216 (La. 1974).
An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. Scott v. Commercial Union Ins. Co., 415 So.2d 327 (La.App. 2nd Cir. 1982); Baumeister, supra. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective. Scott, supra; Baumeister, supra.
In LeBrane v. Lewis, the Louisiana Supreme Court set out four factors to consider in determining whether the employer is liable for the employee's acts:
(1) whether the tortious act was primarily employment rooted;
 (2) whether the act was reasonably incidental to the performance of the employee's duties;
(3) whether the act occurred on the employer's premises; and
(4) whether it occurred during the hours of employment.
All four of these factors do not have to be met before liability may be found. The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment. Felix v. Briggs of Oakwood, Inc., 99-721 (La.App. 5th Cir. 12/15/99), 750 So.2d 1091.
Your final question is: Are such entities and participant individualmembers subject to the Prohibited Activities as contained in Chapter 14of the Civil Service Rules?
As stated in Rule 4.1(a), Civil Service Rules govern all departments and persons subject to the Civil Service Article. The Civil Service Article is Article X of the Louisiana Constitution. La. Const. Art. X, Sec. 1 provides for: (A) the establishment of a state civil service which includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, and any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency; and (B) the establishment of a city civil service in cities having over 400,000 population.
It is the opinion of this office that the Organizations are not subject to Civil Service Rule 14; however, we suggest that you contact the State Department of Civil Service and obtain their opinion on this issue.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: August 25, 2003