Alvin ELZY, Plaintiff–Appellant,

v.

Warden ROBERSON, House of Detention, Defendant–Appellee.

No. 88–3827

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 30, 1989.

---

Alvin Elzy, Angola, La., pro se.

Freeman R. Matthews, Usry & Weeks, Metairie, La., for defendant-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Alvin Elzy, an inmate in custody of the Louisiana Department of Corrections, appeals the trial court's dismissal of his § 1983 action. Because we find that Elzy's claim is time-barred by Louisiana's one-year statute of limitations, we affirm.

Elzy filed this § 1983 action against Warden Robertson, erroneously identified in the complaint as Warden Roberson, in June 1987. He complained that he was injured by another inmate at the Orleans Parish Prison on September 14, 1984. Elzy alleged that although he received surgical treatment at Charity Hospital for the resulting eye injury, Warden Robertson refused to return him to the hospital for necessary follow-up treatment. Elzy claims that he continued to have problems with his eye for approximately two years.

During a *Spears* hearing, Elzy confirmed that he was transferred from Orleans Parish and Warden Robertson's custody on February 12, 1985. The magistrate advised Elzy that Louisiana's one-year statute of limitations barred his suit, and recommended that the suit be dismissed. The district court adopted this recommendation over Elzy's objections, and entered judgment on August 12, 1988. Elzy moved to "vacate and amend the judgment and order." The district court denied that motion, repeating its conclusion that Elzy's suit was time-barred. Elzy now appeals.

The district court found Elzy's § 1983 action time-barred under Louisiana's one-year statute of limitations, La.Civ.Code Ann. art. 3492 (West Supp.1988). Article 3492 governs suits for delictual actions, and has been applied by this court as the pertinent statute of limitations for § 1983 actions against Louisiana state officials. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir.1988). We revisit the applicability of this prescriptive period to § 1983 actions in Louisiana in light of the U.S. Supreme Court's recent decision in *Owens v. Okure*, — U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

In *Okure*, the Supreme Court held that where a state provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the state's residual or general personal injury limitations period rather than the prescriptive period for enumerated intentional torts. 109 S.Ct. at 582. The Court explicitly rejected our decision in *Gates v. Spinks*, 771 F.2d 916 (5th Cir. 1985), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986), which selected Mississippi's one-year limitations period for intentional torts rather than its six-year limitations period for "causes of action not otherwise provided for." 771 F.2d at 919. This latter statute governed, for the most part, negligence and strict liability actions as well as actions based on theories other than tort. *Id.*

In contrast to Mississippi, which has two prescriptive statutes for different personal injury claims, Louisiana has only one personal injury prescriptive period. Article 3492 reads, "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." The comments to the article state that "[t]he notion of delictual liability includes: intentional conduct, negligence, abuse of right, and liability without negligence." Comment (b) following art. 3492 (West Supp.1989).

Louisiana has no other personal injury prescriptive period. Although Louisiana has a residual ten-year prescriptive period for "personal actions," article 3499, it does not apply to tort actions. *Manion v. Pollingue*, 524 So.2d 25, 32 (La.App.), *writ denied*, 530 So.2d 572 (1988); *see also McLaughlin v. Herman & Herman*, 729 F.2d 331, 332 (5th Cir.1984); *Reserve Ins. Co. v. Fabre*, 243 La. 982, 149 So.2d 413, 415, *cert. denied*, 375 U.S. 816, 84 S.Ct. 49, 11 L.Ed.2d 51 (1963). "Courts should resort to residual statutes of limitations only where ... [they] embrace[ ], either explicitly or by judicial construction, unspecified personal injury actions." *Okure*, 109 S.Ct. at 582 n. 12. Since article 3492 is Louisiana's only statute of limitations for personal injury actions, we find no error in the district court's application of that article's

one-year prescriptive period to Elzy's § 1983 action.

AFFIRMED.