A–1, a 14 Year Old Minor, A–2, a 5 Year Old Minor, by Their Next Friend and Parent, D–2, and All Others Similarly Situated, Plaintiffs,

v.

Dick MOLPUS, Secretary of State; Tom Burnham, State Superintendent of Education; Mike Moore, Attorney General, Including Their Official Capacities as the Mississippi State Board of Education, Defendants.

Civ. A. No. 3:93–CV–471WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 30, 1995.

George Dunbar Prewitt, Jr., Greenville, MS, for A-1, A-2, D-2.

Maudine Gatlin Eckford, Mississippi Attorney General's Office, Jackson, MS, for Dick Molpus, Tony Burnham, Mike Moore.

1. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(6) failure to state a claim upon which relief can be granted, ...

2. Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c (1988) provides in pertinent part that "[w]henever a State or political subdivision with respect to which the prohibitions set forth in § 1973b(a) of this title based upon determinations made under the first sentence of § 1973b(b) of this title are in effect shall enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from than in force or effect on November 1, 1964, ... such State or subdivision may institute an action in the United States District Court for the District of

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the defendants under Rule 12(b)(6) [1] of the Federal Rules of Civil Procedure to dismiss the plaintiffs' claims for failure to state a claim for which relief can be granted. The plaintiffs, A-1 and A-2, who are the two minor children of the plaintiff *pro se,* Dunbar Prewitt, Jr., (also referred to as D-2), filed this action asserting that the Mississippi Education Reform Act of 1982 ("MERA" or the "Act"), House Bill No. 4, ch. 17, 1982 Extraordinary Sess. (1982), is void because two relevant sections of the Act were not precleared by the United States Justice Department ("Justice") pursuant to section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c (1988).[2] On January 20, 1994, a three-judge panel consisting of the Honorable United States Circuit Court Judge E. Grady Jolly; the Honorable United States District Judge Tom S. Lee; and the Honorable United States District Judge Henry T. Wingate held that the plaintiffs had failed to demonstrate any violation of section 5 of the Voting Rights Act. Thereafter, the plaintiffs' section 5 claims were dismissed.

Additionally, the plaintiffs contend that the State of Mississippi has violated an Act of Congress, 16 Stat. 67 (1870),[3] which conditioned Mississippi's readmission to the Union

Columbia for a declaratory judgment that such qualification, prerequisite, standard, practice, or procedure does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color,.... *Provided,* That such qualification, prerequisite, standard, practice, or procedure may be in force without such proceeding if the qualification, prerequisite, standard, practice, or procedure has been submitted by the chief legal officer or other appropriate official of such State or subdivision to the Attorney General and the Attorney General has not interposed an objection within sixty days after such submission, or upon good cause shown, to facilitate an expedited approval within sixty days after such submission, the Attorney General has affirmatively indicated that such objection will not be made."

3. 16 Stat. 67, 68 (1870) provides in pertinent part "that the Constitution of Mississippi shall never be so amended or changed as to deprive any citizen or class of citizens of the United States of the school rights and privileges secured by the Constitution of said state."

after the Civil War on the assurance that Mississippi will never amend its constitution to deprive any citizen or class of citizens of the educational rights and privileges secured by the state constitution. According to the plaintiffs, the Mississippi Constitution of 1868–1869 obliged the State to maintain a uniform system of free public education for all children between the ages of five (5) and twenty-one (21) through college level, and to instruct the children in various courses of instruction including mathematics, languages, and the processes of the democratic government. The Mississippi Constitution of 1868–69, say plaintiffs, also provided that there should be a common school fund consisting of funds from the proceeds of lands then belonging to the State, and that this fund would be centrally administered by the State Board of Education. *See* Miss. Const. art. VIII, § 201 [4] (1972), art. VIII, §§ 206, 206A (Supp. 1993), art. VIII, §§ 213, 213–A (Supp.1993). All of this, say plaintiffs, was abrogated unlawfully by Mississippi's adoption of a new Constitution in 1890 which deviated from the Constitution of 1868–69 and violated the Congressional Act of 1870.

Therefore, say plaintiffs, because the six-year old plaintiff (A–2) had to wait until he reached the age of six to begin school, he was deprived of his rights under the Mississippi Constitution of 1868–1869. Moreover, say plaintiffs, they and those similarly situated, are entitled to a free public education through college level.

Thirdly, say plaintiffs, Mississippi has engaged in an educational policy known as "tracking." Plaintiffs contend that tracking means segregating black students, who are not developmentally disabled, from white students on the basis of achievement grouping, and that black students are tracked into remedial or special education curricula which address only the core skills of grammar and mathematics, while white students are tracked into college preparatory curricula (higher level civics, social studies, language, and governance courses) in addition to receiving core curricular courses.[5] Plaintiffs argue that Mississippi's system of education fails to equip black students with the tools they need to participate in the various democratic institutions and thus violates the Guarantee Clause of the United States Constitution. *See* U.S. Const. art. IV, § 4.[6] In addition to a denial of rights under the Guarantee Clause, plaintiffs argue that they are denied rights under the free speech, equal protection, and due process clauses, and the fundamental right to vote in violation of an 1870 Act of Congress, 16 Stat. 67, and Title 42 U.S.C. § 1983.[7]

In response to the plaintiffs' charges, the State of Mississippi has submitted a motion asking this court to dismiss the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. According to the State of Mississippi, all the defendants have been sued in their official capacities and other alleged official capacities and that there has been no assertion against these defendants in their individual capacities. Therefore, the State of Mississippi says that the plaintiffs' claims are against it and it alone. As a consequence, says the State, these claims are subject to and barred by the Eleventh Amendment of the United States

---

4. Section 201 was amended in 1987 and now reads "[t]he legislature shall, by general law, provide for the establishment, maintenance and support of free public schools upon such conditions and limitations as the legislature may prescribe." Miss. Const. art. VIII, § 201 (Supp. 1993). All references to children's ages have been deleted.

5. According to plaintiffs, tracking has resulted in a system where 53.4% of black students are in remedial or special education classes, and 75% of white students are in general, college prep or honors courses. *See* Applic. for Writ of Mand. or, Alt., Inj. Relief at 8.

6. The United States Constitution, Article IV, Section 4 provides in pertinent part that "[t]he Unit- ed States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; ...

7. Title 42 U.S.C. § 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Constitution which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced and prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State."

Additionally, says the State of Mississippi, the plaintiffs' claims pursuant to Title 42 U.S.C. § 1983 are barred by Mississippi's three-year statute of limitations, Miss.Code Ann. § 15–1–49.[8] Defendants submit that the plaintiffs' cause of action, if any, accrued in 1890, when the current Mississippi Constitution became effective.

The State of Mississippi also contends that necessary and indispensable parties such as the various school districts which would be affected by any judgment in favor of the plaintiffs in this case are not present and that the current defendants are not the parties who would be able to implement the relief sought by the plaintiffs. Finally, the State of Mississippi argues that the plaintiffs have no standing to bring this lawsuit.

### THE ELEVENTH AMENDMENT

■ The Eleventh Amendment bars suits in federal court against a state government by a citizen of another state or citizens of a foreign country, *Fitts v. McGhee*, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 (1899), and also bars suits against a state by its own citizens in the federal forum. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Moreover, the Eleventh Amendment precludes suits in federal court against state officials if " 'the state is the real substantial party in interest.' " *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100,

104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (quoting *Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945)). Thus, suits against state officials for monetary damages are barred if the damages would be paid from the state treasury. *See Ford Motor Co.*, 323 U.S. at 464, 65 S.Ct. at 350. Furthermore, suits against state officials seeking injunctive relief also are barred if the suit is against the state, or if any " 'decree would operate against the [state].' " *Pennhurst*, 465 U.S. at 100, 104 S.Ct. at 908, quoting *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963).[9]

■ Therefore, based on the foregoing authority, this court finds that the plaintiffs' claims are barred by the Eleventh Amendment inasmuch as they are being asserted against a state government in a federal forum and seek relief only against the state government.

### PLAINTIFFS' SECTION 1983 CLAIMS

There is no federal statute of limitations for § 1983 actions. The United States Supreme Court has thus directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir.1989); *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). Effective March 12, 1990, and as a direct result of the *Okure* decision, Mississippi amended its 6–year statute of limitations to actions not specifically provided for, Miss.Code Ann. § 15–1–49, to provide that "[a]ll actions for which no other period of limitation is pre-

---

**8.** Effective March 12, 1990, Mississippi amended its 6–year general or "catch-all" statute of limitations (actions not specifically provided for), Miss. Code Ann. § 15–1–49, as follows:

    (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

    (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

    (3) The provisions of subsection (2) shall apply to all pending and subsequently filed actions.

**9.** In *Ex parte Young*, 209 U.S. 123, 155–61, 28 S.Ct. 441, 452–54, 52 L.Ed. 714 (1908), the United States Supreme Court held that the Eleventh Amendment does not preclude suits against state officers for prospective injunctive relief where the suit challenging the constitutionality of a state official's action is not one against the State. *Pennhurst*, 465 U.S. at 102, 104 S.Ct. at 909. This ruling constitutes a significant exception to the restrictions of the Eleventh Amendment, but the rule rather than the exception applies in the instant case.

scribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Therefore, the statute of limitations on § 1983 causes of action in Mississippi is now three (3) years.

The plaintiffs claim that the State of Mississippi violated federal law when the Mississippi Constitution of 1890 was adopted. This alleged violation, say plaintiffs, gave rise to the injuries for which they demand relief in this lawsuit. Of course, this event took place long before any of the plaintiffs were born. While state law governs what statutes of limitations are to be applied, *see Wilson v. Garcia*, 471 U.S. 261, 275–81, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985), it is federal law that determines when a cause of action accrues. *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir.1991), citing *Board of Regents v. Tomanio*, 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440 (1980). In the Fifth Circuit, a cause of action accrues when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Id.* at 1184, citing *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir.1987).

The plaintiffs offer nothing contrary to the foregoing authority. Instead, the plaintiffs contend that the statute of limitations should not be applied because they are seeking prospective relief. No authority is cited in support of this contention. Plaintiffs also make the unmeritorious assertion that application of a state's statute of limitations is somehow tantamount to nullifying federal law. As earlier stated, it is state law that governs what statute of limitations will apply to a federal claim under § 1983. *Owens v. Okure*, 488 U.S. at 250, 109 S.Ct. at 582.

The actions of the defendants which are the basis of the plaintiffs' claims occurred over one hundred years prior to the filing of this lawsuit. This court can find nothing to support a contention that any claims based upon the State of Mississippi's adoption of the Constitution of 1890 have survived to the present day. A–1 is a 14 years old minor who, approximately eight years ago, would have entered the public school. D–2 is an adult. The plaintiffs have made no showing why three years ago they would have been justifiably unaware of any acts of the State of Mississippi which would give rise to their cause of action or why they would have had insufficient information upon which to base a claim. The plaintiffs do not contend that the State of Mississippi fraudulently concealed its actions in order to prevent the plaintiffs' becoming aware of any cause of action. Therefore, this court agrees that the plaintiffs' claims, if any they have, are barred by Mississippi's three-year statute of limitations.

### CONCLUSION

Inasmuch as this court has disposed of the plaintiffs' non-section 5 claims pursuant to immunity of the State of Mississippi under the Eleventh Amendment of the United States Constitution and pursuant to Mississippi's three-year statute of limitations for § 1983 actions, the court need not reach either the question of standing or the matter of the absence of indispensable parties. Therefore, the court finds that the plaintiffs have stated no claim upon which relief may be granted. This order, together with the order of the three-judge panel, disposes of all the plaintiffs' claims. Therefore, the plaintiffs' complaint is hereby fully and finally dismissed. A final judgment of dismissal shall be prepared and entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED.