UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30663
Summary Calendar
_____


ELIAS RAYAS MEJIA,

                                        Plaintiff-Appellant,

                        versus

UNKNOWN OFFICERS, Individually and in their official capacities
as City of Lake Charles police officers,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-2037)
_____

January 6, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.*

EDITH H. JONES, Circuit Judge:

        Appellant Mejia is currently incarcerated in federal
prison on conviction for drug trafficking offenses.  In February,
1994, when he and his brother were driving through Louisiana, he
was stopped by police officers from the Lake Charles, Louisiana
Police Department for a traffic violation.  Sergeant Cole asked
Mejia for permission to search his vehicle, was given it, and
seized $39,000 in currency found under the rear seat.  Mejia and

_____

        *Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his brother were released without being charged with an offense. Two and one-half years later, Mejia filed suit alleging violation of equal protection rights, illegal seizure of his property, and denial of due process. The district court accepted the magistrate judge's recommendation to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because under Louisiana's one-year limitations period for torts, the complaint was facially time-barred. We affirm.

On appeal, Mejia contends that he was unaware, until Sergeant Cole testified at the drug trial in Florida in December 1995, that the police department had no intention of returning his property. Viewed from this perspective, Mejia filed suit within one year of his knowledge of the deprivation.

The law is clear on several points. First, section 1983 actions borrow the forum state's general personal injury limitations. Owens v. Okure, 488 U.S. 235, 243-48 (1989). In Louisiana, the applicable section 1983 limitation is one year. See Louisiana Civ. Code Ann. art. 3492 (West 1994); Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989). Federal law determines, however, when a section 1983 cause of action accrues, and it accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). As Piotrowski explains, if the plaintiff knows of the injury and the connection between the injury and the defendant's actions, or if the circumstances would

lead a reasonable person to investigate the matter further, then the cause of action has accrued.

In this case, Mejia was immediately aware on the date of the traffic stop of the injuries he allegedly suffered in terms of the constitutional violations he later alleged. First, if he thought that his car was not pulled over for a legitimate traffic violation, then he would have immediately suspected that Sergeant Cole stopped him because he and his brother were racially Hispanic. Second, the money was confiscated and not returned although Mejia and his brother were permitted to proceed. Third, from and after February 1994, Mejia knew he had not received "process" of any kind before or after the taking of the currency.

The nature of these events was so unequivocal and the results so dramatic that Mejia cannot excuse his failure to take timely action by a reference to Sergeant Cole's testimony in December 1995. No reasonable person would have thought that there was any doubt that the municipality would keep the currency unless Mejia did something.

Whether Mejia could read the English-language consent to search form and waiver form that the officers had him sign is immaterial to the running of prescription. His pleadings are inconsistent on whether he understood what the officers were telling him, and the transcript attached to his brief on appeal suggests that Mejia and his brother both expressly disclaimed ownership of the currency verbally on more than one occasion. Regardless of the precise circumstances, Mejia knew his money had

3

been taken, and he suspected the basis for the initial traffic stop. This knowledge gave rise, at the least, to a duty to investigate further, and the prescription period immediately began running.

For these reasons, the district court's dismissal is **AFFIRMED**.

4