**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-31039
Summary Calendar

_____

DAVE MILTON ALLEN,

Plaintiff-Appellant,

versus

U.S. BUREAU OF PRISONS;
FEDERAL DETENTION CENTER, OAKDALE,

Defendants-Appellees.

----------------------------------------------------------------

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-574

----------------------------------------------------------------
April 19, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:*

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Dave Milton Allen (# 43650-004) filed a "notice of appeal" within sixty days of the district court's order dismissing his case brought under the Federal Tort Claims Act without prejudice for failure to exhaust administrative remedies. In conjunction, Allen has included a new or amended complaint. Because the document does not clearly evince an intent to appeal, it cannot be treated as a notice of appeal. See Mosley, 813 F.3d at 660. This court lacks appellate jurisdiction over Allen's appeal. See id.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court should construe Allen's "complaint," filed as part of his notice of appeal, as a pending motion for relief from judgment under FED. R. CIV. P. 60. This filing is an apparent attempt by Allen to show that he has exhausted his administrative remedies or alternatively that he is raising claims against individual federal employees under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Upon review, the district court may wish to note that Allen's FTCA claims would be barred, despite the dismissal without prejudice, because it has now been over six months since the denial of his administrative remedies. 28 U.S.C. § 2401(b). Allen's Bivens claims would likewise be barred because over one year has passed since Allen's injury occurred. See LA. CIV. CODE ANN. art. 3492 (West 2000); Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989).

Allen's motion to correct typographical errors in his brief on appeal is GRANTED. Allen has also filed a motion for emergency release. This motion is DENIED.

APPEAL DISMISSED. MOTION TO CORRECT BRIEF GRANTED. MOTION FOR EMERGENCY RELEASE DENIED.