IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30487
Conference Calendar
_____

DANNY R. JEFFERSON,

Plaintiff-Appellant,

versus

OWEN ROCKETT; SHERIFF'S DEPARTMENT, RICHLAND PARISH;
GLENN ROBERTS, Judge 5th Judicial District Court;
LORELL GRAHAM, Sheriff of Richland Parish, Louisiana,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-2121
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Danny R. Jefferson appeals the judgment in favor of the defendants in his civil rights suit asserting false arrest.

He argues that the district court erred in setting aside the default judgment. From our review of the record, we find no abuse of discretion. See Lacy v. Sitel Corp., 227 F.3d 290, 291-93 (5th Cir. 2000); Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458-59 (5th Cir. 1992).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jefferson argues that Glenn Roberts was not entitled to absolute judicial immunity because Roberts had conducted a bench trial in a proceeding involving Jefferson, after Jefferson had requested a jury trial. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). The factual basis of Jefferson's argument defeats his contention.

To the extent that Jefferson's summary of past purported discrimination against him is his attempt to relitigate his use-of-force claim adjudicated on the merits in 1998 in state court, the matter is barred by the doctrine of res judicata. See United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994). The remainder of his summary of past events, construed as an argument, involves facts which either are irrelevant or give rise to claims that are prescribed by the applicable one-year prescriptive period. See Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989).

Any argument which Jefferson could have raised directly challenging final judgment or concerning his request for change of venue of the state criminal proceedings is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

This appeal is without arguable merit and is thus dismissed as frivolous. See 5TH CIR. R. 42.2. Jefferson is warned that future frivolous appeals will invite the imposition of sanctions. He should review any pending appeals to ensure that they do not raise frivolous arguments.

DISMISSED AS FRIVOLOUS.  SANCTION WARNING ISSUED.