IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30812
Conference Calendar

_____

MICHAEL PAUL ZIHLAVSKY,

                                        Plaintiff-Appellant,

versus

POLICE DEPARTMENT OF BOSSIER CITY; POLICE DEPARTMENT OF
SHREVEPORT; SHERIFF OF BOSSIER CITY PARISH; DANNY DISON; ALAN J.
GOLDEN; PAM SMART; TIM DEMENT; JOHN R. JETER; G. SPROLES; B.
WOODROW NESBITT, JR.; JAMES W. STEWART; LARRY C. DEEN; CHUCK
ANDREWS; TOM MYRICK; S. PRATOR,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-519
---------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Michael Paul Zihlavsky ("Zihlavsky"), Louisiana prisoner
# 309324, appeals the district court's dismissal of his 42 U.S.C.
§ 1983 civil rights action as frivolous.  His motion to file a
supplemental brief is GRANTED.  Zihlavsky argues that: (1) the
district court abused its discretion by dismissing his claims,
stemming from the events in 1998 and 1999, as frivolous under
Heck v. Humphrey, 512 U.S. 477 (1994); (2) the district court

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

abused its discretion by dismissing his claims, stemming from the events in 1996, as frivolous because the claims were prescribed; and (3) the district court erred by dismissing his claims for habeas relief without prejudice for failing to exhaust state court remedies.

The district court properly dismissed Zihlavsky's claims, stemming from the events in 1998 and 1999, as frivolous because the claims necessarily imply the invalidity of his conviction or sentence. See Heck 512 U.S. at 486-87. The district court also properly dismissed Zihlavsky's claims, stemming from the events in 1996, as frivolous because the claims were prescribed under Louisiana's one-year prescriptive period. See Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988). Finally, the district court properly dismissed without prejudice that aspect of Zihlavsky's complaint that sounded in habeas corpus because he failed to show that he exhausted available state court remedies. See Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989).

Zihlavsky's appeal is frivolous and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of Zihlavsky's complaint as frivolous and the dismissal of this appeal as frivolous each count as a strike for purposes of 28 U.S.C. § 1915(g). See Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 462-64 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Zihlavsky that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; 28 U.S.C. § 1915(g) WARNING ISSUED.