IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31340
Summary Calendar
_____

YORAM RAZ,

                                        Plaintiff-Appellant,

versus

LOUISIANA STATE UNIVERSITY
MEDICAL CENTER SHREVEPORT;
ROBERT JACKSON; LAWRENCE
W. JOHNSON; AMIRA S. ASSI,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-381
--------------------
September 6, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Yoram Raz, a pro se litigant, argues that the district court
erred in granting the defendants' motion to dismiss his complaint
based on Raz's failure to file his 42 U.S.C. § 1983 complaint
within the one-year statute of limitations.  Raz argues that he
did not have sufficient knowledge that the defendant doctors had

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violated his constitutional rights during an October 1998 hospitalization until discovery was conducted in February 2001.

Because there is no specified federal statute of limitations for 42 U.S.C. § 1983 suits, federal courts borrow the forum state's general personal injury period. Owens v. Okure, 488 U.S. 235, 249-51 (1989). The applicable prescriptive period in Louisiana for personal injury claims is one year. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). "Under federal law, a section 1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999) (citation omitted).

Raz's allegations reflect that he was in possession of critical facts showing that the defendants had employed medical procedures which he deemed objectionable and abusive within one year of his hospitalization. Because Raz's cause of action was clearly prescribed, the district court did not err in dismissing the complaint for failure to state a claim upon which relief can be granted.

Raz has not challenged the district court's dismissal of his claim under the Religious Freedom Restoration Act. Thus, he has abandoned that claim on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Raz has not shown that the district court erred in denying his motion to recuse the magistrate judge and the district court

judge from presiding in his case. He failed to show the judicial officers were biased against him because the officers dismissed his prior cases as frivolous; adverse rulings alone do not call into question a judge's impartiality. See Liteky v. United States, 510 U.S. 540, 555 (1994).

The district court did not abuse its discretion in denying Raz's motion to file a second amended complaint. Such amendment would have been futile because it would have also been subject to dismissal based on the one-year statute of limitations.

Raz's appeal has no arguable merit. The appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.