United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31123
Summary Calendar

_____

TERRY D. TILMON,

Plaintiff-Appellant,

versus

STEVE PRATOR; JOHN SELLS; MCCREARY, Sergeant; RANDAL TERRELL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1087
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Terry D. Tilmon, # 33778-125947, appeals the district

court's dismissal of his 42 U.S.C. § 1983 action as frivolous and

for failure to state a claim upon which relief may be granted

under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Tilmon argues that

the district court erred in applying Sandin v. Connor, 515 U.S.

472 (1995) because as an unsentenced prisoner, he had a liberty

interest under the Due Process Clause in not being punished

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

absent a hearing. Tilmon filed objections in the district court in which he argued that as an unsentenced prisoner, his status was like that of a pretrial detainee and that Sandin v. Connor did not apply to him. He cited Fuentes v. Wagner, 206 F.3d 335, 341-42 and n.9 (3rd Cir. 2000), in which that court held that a convicted inmate awaiting sentencing has the status of a pretrial detainee and thus, that Sandin does not apply. He also cited Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000), in which that court held that a convicted but unsentenced prisoner should be treated as a sentenced inmate for purposes of analyzing whether he had a liberty interest in being free from punitive segregation, concluding that Sandin applied. The district court stated that it had considered Tilmon's objections, but the court did not specifically address or engage in a discussion of Tilmon's objection concerning the application of Sandin.

This court notes that Tilmon's complaint was filed more than one year after the alleged violation. Tilmon alleged that the due process violation occurred on April 9-11, 2001, and he did not file his complaint until May 20, 2002. Louisiana has a one-year prescriptive period for torts. La. Civ. Code Ann. art. 3492 (West 1994). This one-year period is the borrowed statute of limitations for 42 U.S.C. § 1983 actions in Louisiana. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989). This court cannot sua sponte hold that Tilmon's action is time-barred without his having had an opportunity to explain why the time bar may not

apply.  See Scott v. Johnson, 227 F.3d 260, 262-63 (5th Cir. 2000).  Therefore, the district court's judgment is VACATED, based on the district court's failure to specifically address Tilmon's objections, and this case is REMANDED for the district court to consider his objections, and to give Tilmon the opportunity to address, and for the district court to consider, whether Tilmon's action is time-barred.

VACATED AND REMANDED.