United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-30391
Summary Calendar

TERRY A. RIVERA,

Plaintiff-Appellant,

versus

BATON ROUGE CITY POLICE DEPARTMENT;
EUGENE SMITH,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
(02-CV-1179)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Terry A. Rivera, Louisiana prisoner # 121787, appeals the 28 U.S.C. § 1915(e) dismissal of his 42 U.S.C. § 1983 complaint, in which he alleges that a detective altered documents in order to bolster a criminal charge against him. The complaint was dismissed as frivolous and for failure to state a claim because it was time-barred. "Where it is *clear* from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applicable statute of limitations, those claims are properly dismissed pursuant to § 1915." **Gonzales v. Wyatt**, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (emphasis added). Rivera contends an action he timely filed in state court is still pending and tolled the limitations period.

The applicable limitations (prescriptive period) for a § 1983 claim in Louisiana is one year. LA. CIV. CODE ANN. art. 3492; **Elzy v. Roberson**, 868 F.2d 793, 794-95 (5th Cir. 1989). Rivera's action accrued when he knew, or had reason to know, of the injury or damages which forms the basis of his action. *See* **Piotrowski v. City of Houston**, 51 F.3d 512, 516 (5th Cir. 1995). Therefore, because Rivera's complaint states he discovered the altered documents before his release from jail on 27 August 2000, his claim accrued, at the latest, on that date. Absent tolling of the one-year limitations period, his complaint is time-barred. *See, e.g.,* **Burge v. Parish of St. Tammany**, 996 F.2d 786, 788 (5th Cir. 1993) (in § 1983 action, federal courts borrow state law for tolling provisions).

Under Louisiana law, the pendency of an action can interrupt the limitations period. *See* **New York Life Ins. Co. v. Deshotel**, 142 F.3d 873, 883 (5th Cir. 1998); LA. CIV. CODE ANN. art. 3462 & 3463. According to Rivera, the instant action contains "the same plaintiff, the same defendants, and the same incident complained of in his state suit", which is still pending. He also claims that

his state action was filed on 22 August 2001, which was less than one year from the latest date Rivera knew of the altered documents.

Consequently, it is *not clear* from the face of Rivera's complaint that this action is time-barred.

*VACATED; REMANDED*

3