# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-30141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

MICHEL J DIXON

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF CORRECTIONS; RICHARD STALDER; RICHWOOD CORRECTIONAL CENTER; WILLIAM SAVAGE; GARY ALLEN; LIEUTENANT JACKSON; SERGEANT COLEMAN; SERGEANT BATES; LEROY HOLLIDAY; RICHARD SPINNER; CHIEF BRYANT; B BOOK; SERGEANT NETTLES

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CV-203

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michel J. Dixon, Louisiana prisoner # 457741, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal as frivolous and for failure to state a claim upon which relief may be granted of his 42 U.S.C. § 1983 action. By moving for leave to proceed IFP, Dixon is challenging the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's certification that his appeal is not taken in good faith because it is frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Dixon argues that the district court erred by determining that many of his claims were barred by the applicable statute of limitations because he was told that he could not file a complaint against a correctional facility or its officers until after he left the facility. The statute of limitations, however, began running when Dixon knew the facts that supported his claims. See Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). To the extent that Dixon is implicitly arguing that the statute of limitations was equitably tolled, his argument is without merit as ignorance of legal rights and time limitations is not a basis for equitably tolling a statute of limitations. See Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991).

Dixon filed his complaint, at the earliest, on January 27, 2007. The applicable limitations period in Louisiana is one year. LA. CIV. CODE art. 3492; Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). Accordingly, the district court did not err by ruling that Dixon's claims accruing prior to January 27, 2006, were barred by the statute of limitations. See Elzy, 868 F.2d at 794-95. Dixon has not shown that the district court's dismissal of many of his claims as barred by the statute of limitations presents a nonfrivolous issue for appeal.

Dixon additionally reiterates factual allegations he made in the district court regarding both claims that were barred by the statute of limitations and claims that were not barred by the statute of limitations. Dixon, however, does not provide legal argument challenging the district court's reasons for dismissing the claims that were not barred by the statute of limitations. As Dixon does not address the district court's rationale for dismissing these claims, he has waived any challenge he could bring to the dismissal of these claims. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

For the first time on appeal, Dixon alleges that defendants William Savage and Lieutenant Jackson beat him on December 20, 2006, and that Lt. Jackson struck him across the face and slammed him into a wall on December 28, 2006. As these claims were not raised in the district court, they cannot be considered on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

The IFP motion is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Dixon previously accumulated a strike. See Dixon v. State of Louisiana, No. 06-179-A (M.D. La. May 31, 2006) (unpublished). As Dixon has now accumulated three strikes, he is barred from proceeding IFP pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.