**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2011

Lyle W. Cayce
Clerk

No. 10-31121
Summary Calendar

FELMON FELTON WILLIAMS,

Plaintiff–Appellant,

v.

STATE OF LOUISIANA; BUDDY CALDWELL,

Defendants–Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-103

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Felmon Felton Williams, Louisiana prisoner # 73308, has filed a motion to proceed in forma papueris (IFP) on appeal. The district court denied Williams's motion to appeal IFP and certified that the appeal was not taken in good faith. By moving to proceed IFP, Williams is challenging the district court's certification. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The district court granted summary judgment for the defendants and dismissed Williams's 42 U.S.C. § 1983 complaint after determining that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31121

complaint was not timely filed because Williams knew the basis of his claim in 1991 and, at the very latest, in 2006, and he did not file his complaint until 2009. In Louisiana, a prisoner has one year from the event(s) complained of in which to bring a § 1983 action. *Ely v. Robertson*, 868 F.2d 793, 794-95 (5th Cir. 1989). A § 1983 claim accrues "when [a] plaintiff knows or has reason to know of the injury which is the basis of the action." *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980) (internal quotation marks and citation omitted).

Williams now argues that the one-year limitations period should not apply to his complaint because he has been incarcerated since 1972, which he contends is prior to the limitations period's enactment and thus makes the limitations period impermissibly retroactive as applied to his complaint. However, even if Williams's retroactivity argument had merit, prior to 1972 Louisiana had a one-year limitations period for tort actions, and civil rights actions borrowed the forum state's limitations period. *E.g., Huson v. Chevron Oil Co.*, 430 F.2d 27, 32 (5th Cir. 1970); LA. CIV. CODE art. 3536 (1971) (moved in 1984 to LA. CIV. CODE art. 3492).

Williams makes no further argument with respect to the district court's determination that his complaint was untimely. As Williams has not demonstrated that his appeal involves legal points arguable on their merits, his request for IFP is denied and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of the instant appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Williams is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.