# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30941
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2015

Lyle W. Cayce
Clerk

ALFRED TREADWELL,

Plaintiff-Appellant

v.

ST. TAMMANY PARISH JAIL; GREGORY LONGINO, Major; RODNEY J. STRAIN, JR., Sheriff; R. DEMAREE INGLESE, Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5889

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alfred Treadwell, Louisiana prisoner # 94339, appeals the district court's determination that his 42 U.S.C. § 1983 complaint, in which he alleged that the defendants exhibited deliberate indifference to his serious medical needs and subjected him to unnecessary and wanton pain, was frivolous and failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state a claim for which relief may be granted. The district court concluded that the claims raised in the complaint were time barred.

Treadwell contends that the district court erred in concluding that his complaint was untimely. He suggests that the district court should not have applied the one-year statute of limitations that Louisiana applies to personal injuries but rather the three-year statute of limitations that applies to acts of malpractice involving cases of fraud. Treadwell further indicates that he was impeded from accessing the court to file his complaint. Our review is de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

There is no federal statute of limitations for actions brought pursuant to § 1983, and, thus, the applicable limitations period is determined by reference to the forum state's statute regarding personal injury claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable statute is Louisiana Civil Code article 3492, which provides for a one-year prescriptive period from the date of injury or damage; Louisiana has no other prescriptive period for personal injury claims. *Elzy v. Roberson*, 868 F.2d 793, 794-95 (5th Cir. 1989). Thus, Treadwell's claim lacks merit.

Treadwell's assertion that he was unable to file a timely § 1983 complaint because he could not access the courts is also unavailing. His contention is conclusory; he does not explain the basis for his claim or identify any error in the district court's determination that his various pleadings indicate that he, in fact, could access the courts. Thus, Treadwell has not briefed this claim with the requisite specificity or otherwise identified a basis for relief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a).

Accordingly, the judgment of the district court is AFFIRMED.