# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2020

Lyle W. Cayce
Clerk

No. 20-30307
Summary Calendar

Leonard Price; Darryl Price; Stanley Price, and, *on behalf of* Mrs. Ora Price,

*Plaintiffs—Appellants*,

*versus*

United States; Ivan L. R. Lemelle, Officially and Individually; Kurt D. Engelhardt, Officially and Individually; Carl J. Barbier, Officially and Individually; Mary Ann Vial Lemon, Officially and Individually; Lance Africk, Officially and Individually; Veronica E. Henry, Officially and Individually; Phelps Dunbar L.L.P., Officially; Harry Rosenberg, Individually; Housing Authority of New Orleans; Kevin Oufnac, Officially and Individually; Michael Group, L.L.C., Officially; Treasure Village, Incorporated, Officially; Interstate Realty Management, Incorporated, Officially; Calisha Jolla, Officially; James A. Ryan & Associates, L.L.C., Officially; James A. Ryan, III, Individually; Jeffrey A. Clayton, Individually,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-817

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Plaintiffs filed their lawsuit *in forma pauperis* alleging, among other things, collusion and dishonesty of federal and state judges presiding over previous lawsuits. The district court dismissed the lawsuit with prejudice. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs have filed multiple, repetitive lawsuits related to their family's residency in the former Desire Housing Development in New Orleans, Louisiana. Unhappy with the outcome of those lawsuits, Plaintiffs, proceeding *in forma pauperis*, filed this lawsuit alleging "a lack of integrity, dishonesty, collaboration, collusion and conspiracy" among the defendants, who are federal and state court judges, attorneys, the Housing Authority of New Orleans, and property management companies.

The district court dismissed Plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). It held that Plaintiffs' claims were "frivolous or malicious, fail[ed] to state a claim on which relief may be granted, or [sought] monetary relief against a defendant who is immune from such relief." The district court also imposed a sanction against plaintiff Stanley Price because of his frivolous and malicious lawsuits. Specifically, the district court ordered the Clerk of Court to decline to file a complaint submitted by Price without the prior written authorization of a district court judge and to refer Price's motions to proceed *in forma pauperis* to a district court judge. Plaintiffs appeal.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30307

DISCUSSION

A.    *Dismissal of the complaint*

Our standard of review differs according to the grounds on which the district court dismissed the complaint. When the district court dismisses a complaint as frivolous under Section 1915(e)(2)(B)(i), our review is for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When the district court dismisses a complaint for failure to state a claim under Section 1915(e)(2)(B)(ii), our review is *de novo*. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Since the district court dismissed the complaint on both grounds, our review is *de novo*. *Geiger*, 404 F.3d at 373.

Plaintiffs allege that federal and state court judges engaged in misconduct in presiding over Plaintiffs' lawsuits and that the United States is responsible for that misconduct. Federal and Louisiana state court judges, though, are immune from suit for claims arising out of actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (immunity for federal judges); *Berry v. Bass*, 102 So. 76, 80 (La. 1924) (immunity for Louisiana state court judges). The conduct alleged in Plaintiffs' complaint clearly falls within each respective judge's judicial capacity. The district court properly dismissed the claims against the United States and federal and state court judges.

As to the remaining claims, it is apparent on the face of Plaintiffs' complaint that many of them already have been litigated and resolved. The district court did not err when it dismissed Plaintiffs' claims on that basis. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

It is also apparent on the face of Plaintiffs' complaint that their claims are time barred. For tort claims, Louisiana imposes a one-year prescriptive period. LA. CIV. CODE art. 3492. That same prescriptive period applies to claims under 42 U.S.C. § 1983. *Elzy v. Roberson*, 868 F.2d 793, 794–95 (5th Cir. 1989). Plaintiffs complain of conduct occurring between 2001 and 2016,

3

but their complaint was not filed until March 9, 2020. The district court properly dismissed Plaintiffs' claims as time-barred.

B.     *Federal Rule of Civil Procedure 60(b)(4)*

We review the district court's ruling on Rule 60(b)(4) *de novo*. *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). We have previously held that Rule 60(b)(4) should be "narrowly construed" and that relief should be granted only where the court lacked jurisdiction or "acted in a manner inconsistent with due process of law." *Id.* at 1005-06 (quotation omitted). Plaintiffs have pled only vague and conclusory allegations of collusion and corruption. These are insufficient to establish a basis for relief under Rule 60(b)(4).

C.     *Sanction*

We review for abuse of discretion a district court's imposition of sanctions for frivolous and malicious lawsuits. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff Stanley Price has filed numerous lawsuits, many of which were repetitive and meritless. Resolution of these lawsuits has required a significant expenditure of party and judicial resources. There was no abuse of discretion in the district court's imposition of a sanction against Stanley Price.

AFFIRMED.